The Honorable David Choate State Representative 709 North Main Street Beebe, Arkansas 72012-3048
Dear Representative Choate:
This official Attorney General opinion is issued in response to your recent questions regarding the duties and salaries of city attorneys.
Before restating and addressing your specific questions, I will set forth the scenario you have described which gives rise to your questions.
You indicate that a conflict has arisen between the city attorney and the city council in the City of Beebe (a city of the first class) regarding the duties and salary of the city attorney, as described in an ordinance passed by the city council.
The city attorney was appointed in 1993. After he was appointed, the city council passed Ordinance No. 93-05, which fixed the salary of the city attorney. Ordinance No. 93-05 states in pertinent part:
 The City Attorney for the City of Beebe shall receive a salary of Nine Thousand Six Hundred Dollars ($9,600.00) per year to compensate him for the performance of those duties which he is required to perform, and such perquisites as are provided to the employees and officers of the City of Beebe. . . . The Mayor and the members of the City Council of the City of Beebe shall individually and collectively have the authority to allow additional compensation for extra work performed by the City Attorney of the City of Beebe which are not within his regular duties. . . .
City of Beebe, Arkansas, Ordinance No. 93-05.
In November of 1994, the city attorney who had been appointed in 1993 was elected to a four year term as city attorney, to begin on January 1, 1995. Because the city council believed that Ordinance No. 93-05 was vague in outlining the city attorney's duties, the council negotiated with the city attorney to draft and adopt Ordinance No 95-01, in January, 1995, to more particularly establish the duties of the office of city attorney. Ordinance No. 95-01 states in pertinent part:
 Section 1. The duties of the office City Attorney, as compensated by the annual salary of $9,600.00 as referenced in Ordinance No. 93-05, are as follows:
 (a) Attendance at one meeting of the City Council in regular session per month.
 (b) Advise the mayor, city clerk, city council and police chief with regard to legal affairs of the city.
(c) Prepare initial draft of ordinances and resolutions.
 (d) Represent the City of Beebe before the Municipal Court of Beebe, Arkansas, for seven hours each month.
 Section 2. The phrases "extra work" and "additional compensation" in Ordinance No. 93-05 are defined, respectively, as
(a) work other than the duties specified in Section 1 above; and
(b) compensable at a rate of $60.00 per hour.
City of Beebe, Arkansas, Ordinance No. 95-01.
You indicate that the controversy arises out of Section 1(b) of Ordinance No. 95-01. The city attorney interprets the phrase "advise the mayor, city clerk, city council and police chief with regard to legal affairs of the city," to mean that he is required to render the referenced advice only during the one regular monthly meeting of the city council. In accordance with this interpretation, the city attorney does not consider visits to his office from city officials who have questions regarding legal affairs of the city (or the research required to answer such questions) to be included in the duties for which he receives the stated compensation of $9,600.00.
On the basis of the above-described scenario, you have asked the following questions:
 (1) Is it legal for the city council to define the duties of the city attorney in Ordinance No. 95-01?
 (2) Can the city council redefine the duties of the office of city attorney during the elected term of the current, serving city attorney, while the city attorney's annual salary remains the same?
 (3) If the city council cannot redefine the duties of the city attorney during the current serving city attorney's elected term, when would the city council be allowed to redefine the duties?
 (4) Could the phrases "extra work" and "additional compensation," in Ordinance 93-05, Section 2, be included as a portion of the annual salary?
 (5) Regarding Ordinance 93-05, can city council members individually have the power to allow additional compensation for extra work or to individually request that extra work be performed, or must the request for extra work be made with the approval by a two-thirds majority of the City Council?
 (6) Considering the language of Ordinance 95-01, can the city attorney legally charge extra compensation for advising the mayor, city clerk, city council and police chief with regard to legal affairs of the city regardless of when or how the question is asked of the city attorney?
 (7) If Ordinance 95-01 does not contain an emergency clause, in order for it to be valid, must it have been read on three separate days, or can it have been read only on one day in order to be valid?
RESPONSE
Question 1 — Is it legal for the City Council to define the duties of theCity Attorney in Ordinance No. 95-01?
It is my opinion that it is legal for the city council to define the duties of the city attorney in Ordinance No. 95-01.
The city council in cities of the first class are empowered, by virtue of the provisions of A.C.A. § 14-43-313, to prescribe by ordinance the duties and salary of city attorneys. Ordinance No. 95-01 is consistent with that authority of the city council, in that it establishes the duties and salary of the city attorney. Such action by the city council is therefore legal.
Question 2 — Can the city council redefine the duties of the office ofcity attorney during the elected term of the current, serving cityattorney, while the city attorney's annual salary remains the same?
It is my opinion that the city council can redefine the duties of the office of city attorney during the city attorney's elected term of office. The authority granted in A.C.A. § 14-43-313 to define the city attorney's duties is not limited in the time frame of its applicability. However, because the position of city attorney is an elected one, the city council cannot redefine the duties of the office in a manner that would subvert the will of the electorate or undermine the purposes for which the voters elected the particular person who holds the office. For example, it would be inappropriate for the city council to divest the office of its duties or to reassign the duties to another person. See
Ops. Att'y Gen. Nos. 96-091 and 95-187. In any event, it is my opinion that the city council may, under its authority to define the duties of the office of city attorney, redefine such duties if it does so in a manner that would not affect the integrity of the elective system.
It is my opinion further that the city council can redefine the duties of the office of city attorney, while the salary of the position remains the same. The council clearly could not decrease the salary, see A.C.A. §14-42-113, but it is not required to increase the salary (although an increase would be permissible under A.C.A. § 14-42-113).
Question 3 — If the city council cannot redefine the duties of the cityattorney during the current serving city attorney's elected term, whenwould the city council be allowed to redefine the duties?
As explained more fully in response to Question 2, it is my opinion that the city council can redefine the duties of the city attorney at any time (within certain limitations also discussed in response to Question 2).
Question 4 — Could the phrases "extra work" and "additionalcompensation," in Ordinance 93-05, be included as a portion of the annualsalary?
This office concerns itself with matters of state law, and does not ordinarily construe the language of municipal ordinances. The construction of such ordinances necessarily involves a determination of the intent of the city council, a factor that this office is not well situated to address. For this reason, I am unable to opine as to the proper interpretation of the language of Ordinance No. 95-01 and Ordinance No. 93-05. Although it appears from the face of the ordinances that the phrases in question could be interpreted as not referring to the city attorney's annual salary or to the work performed in exchange for the annual salary, an accurate interpretation of the phrases must involve a consideration of factors of which I am unaware that could reflect a different intent on the part of the city council. The awareness of such factors is a matter within the local domain, rather than the domain of this office. The construction of these phrases in the ordinances therefore must necessarily be handled locally.
Question 5 — Regarding Ordinance 93-05, can city council membersindividually have the power to allow additional compensation for extrawork or to individually request that extra work be performed, or must therequest for extra work be made with the approval by a two-thirds majorityof the City Council?
It is my opinion that it is contrary to state law for individual members of the city council to be given the power to allow additional compensation to the city attorney or to request that extra work be performed by the city attorney.
I base this conclusion on three Arkansas statutes. The provisions of A.C.A. § 14-55-204 require "the concurrence of a majority of the aldermen" in order to appropriate any money. In addition, A.C.A. § 14-42-313 requires that the city attorney's duties and salary be established by ordinance. Under A.C.A. § 14-55-203, municipal ordinances can only be passed by a majority vote of the elected members of the city council. Permitting individual council members to allow additional compensation or to prescribe additional duties for the city attorney would constitute a violation of A.C.A. § 14-55-204, A.C.A. § 14-43-313, and A.C.A. § 14-55-203.
Question 6 — Considering the language of Ordinance 95-01, can the cityattorney legally charge extra compensation for advising the mayor, cityclerk, city council and police chief with regard to legal affairs of thecity regardless of when or how the question is asked of the cityattorney?
A response to this question would require a construction of the ordinance under consideration. For the reasons stated in response to Question 4, I am unable to engage in the construction of local ordinances. An interpretation of the city council's intent with regard to the city attorney's duties must be conducted locally, rather than by this office.
Question 7 — If Ordinance 95-01 does not contain an emergency clause, inorder for it to be valid, must it have been read on three separate days,or can it have been read only on one day?
It is my opinion that Ordinance 95-01 must have been read on three different days unless two-thirds of the city council voted to dispense with that rule.
This issue is explicitly addressed in A.C.A. § 14-55-202, which states:
 All bylaws and ordinances of a general or permanent nature shall be fully and distinctly read on three (3) different days unless two-thirds (2/3) of the members composing the municipal council shall dispense with the rule.
A.C.A. § 14-55-202.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh